UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIORDALIZA DIAZ, on behalf of herself, individually, and on behalf of all others similarly-situated, <br><br> Plaintiff, <br><br> -against- <br><br> JOYERIA ELIZABETH I, CORP., JOYERIA ELIZABETH II, CORP., JOYERIA ELIZABETH III, CORP., and TOMASA IZAQUIRRE, individually, <br><br> Defendants. | **COMPLAINT** <br><br> **Docket No.:** <br><br> Jury Trial Demanded |

FIORDALIZA DIAZ ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against JOYERIA ELIZABETH I, CORP., JOYERIA ELIZABETH II, CORP., JOYERIA ELIZABETH III, CORP. (all three, collectively, as "Joyeria Elizabeth"), and TOMASA IZAQUIRRE, individually, (together, with Joyeria Elizabeth, as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday wage

1

statements to their employees containing specific categories of accurate information, N.Y. Lab. Law § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - three corporations that operate as a single enterprise to run pawn shops and their chief executive officer - - as a sales clerk from September 2010 to May 28, 2017. As described below, throughout her employment, but as is relevant herein, for at least the six-year period pre-dating the commencement of this action, Defendants willfully failed to pay Plaintiff the wages lawfully due to her under the FLSA and the NYLL. Specifically, during at least that period, Defendants routinely required Plaintiff to work beyond forty hours in a workweek but paid her a flat rate for each day worked regardless of how many hours she worked per week, and thus failed to compensate her at the statutorily-required overtime rate for any hours that she worked per week in excess of forty.

3. Additionally, Defendants failed to provide Plaintiff with proper wage statements on each payday as the NYLL requires.

4. Defendants paid and treated all of their non-managerial employees in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings her claims under state law on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts in to this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district and all Defendants reside within the same state, and pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCCRR.

9. At all relevant times herein, Defendant Joyeria Elizabeth is an entity consisting of three separate New York corporations that together operate as a single business enterprise that engage in related activities, with a common business purpose, and with each of their principal places of business located at 551 West 207th Street, New York, New York 10034.

10. At all relevant times herein, Defendant Izaquirre was and is the chief executive officer of Joyeria Elizabeth. In that role, Defendant Izaquirre personally managed and oversaw the day-to-day operations of Joyeria Elizabeth, and was ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked. Furthermore, Defendant Izaquirre had and exercised the power to hire and fire and approve all personnel decisions with respect to Joyeria Elizabeth's employees, and personally made the decision to hire Plaintiff.

11. At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, Joyeria Elizabeth's qualifying annual business exceeded and exceeds $500,000, and Joyeria Elizabeth is engaged in interstate commerce within the meaning of the FLSA, as it routinely purchases and sells goods, such as scrap gold and jewelry, provided to and from outside vendors in the course of its business that originates in states other than New York. Moreover, Joyeria Elizabeth accepts payments in cash that naturally moved across state lines, and accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees, who during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

16. Defendant Joyeria Elizabeth is comprised of three separate New York-based corporations that operate as a single enterprise, selling jewelry and other items that it acquires from patrons through sale, or as collateral for loans. The three entities described above all: have an interrelation of operations as their employees work for all three interchangeably; assert control over their labor relations between employees and management; have common management by Defendant Izaquirre; and have common ownership and control over their finances by Defendant Izaquirre.

17. In September 2010, Defendant Izaquirre hired Plaintiff to work as a sales clerk for Joyeria Elizabeth, and Defendants employed her in this position until Plaintiff left the company on May 28, 2017. During that time, Plaintiff worked for Defendants at their store located 551 West 207th Street, New York, New York 10034.

18. As a sales clerk, Plaintiff's primary duties consisted of buying scrap gold and jewelry from patrons and selling jewelry.

19. Throughout her employment, Defendants required Plaintiff to work five or six days per week, starting her workday at approximately 9:30 a.m. and working until approximately

5

8:00 p.m., without permitting Plaintiff to take scheduled or uninterrupted breaks. By approximation, throughout her employment, Defendants required Plaintiff to work, and Plaintiff did routinely work, between fifty-two and one-half and sixty-three hours per week.

20. By way of example only, during the week of April 24 through April 30, 2017, Defendants required Plaintiff to work, and Plaintiff did work, Monday through Saturday, from 9:30 a.m. until approximately 8:00 p.m. on each day, without any scheduled or uninterrupted break. Thus, adding up the hours for this representative workweek, Plaintiff worked sixty-three hours.

21. For her work, Defendants paid Plaintiff at the flat rate of $120.80 per day regardless of the amount of hours that Plaintiff worked in a week. Thus, Defendants did not pay Plaintiff an overtime premium for her hours worked each week in excess of forty.

22. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, her actual hours worked for that week or her overtime rates of pay for all hours worked.

23. Defendants treated Plaintiff and all FLSA Plaintiffs in the manner described herein.

24. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

25. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

26. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

27.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

28.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

29.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

30.     Defendants willfully violated the FLSA.

31.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

32.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees, and their costs and disbursements in this action for Defendants' violation of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCCRR*

33.     Plaintiff, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34.     NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

35. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff that opts in to this action, are employees within the meaning of the NYLL and the NYCCRR.

36. As also described above, Plaintiff, and any FLSA Plaintiff that opts in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

37. Plaintiff, and any FLSA Plaintiff that opts in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

38. Plaintiff, and any FLSA Plaintiff that opts in to this action, are also entitled to liquidated damages, interest, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

39. Plaintiff, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

41. As described above, Defendants, on each payday, failed to furnish Plaintiff, and any FLSA Plaintiff that opts in to this action, with accurate wage statements containing the criteria required under the NYLL.

42. Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts in to this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

43. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts in to this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## **DEMAND FOR A JURY TRIAL**

44. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and/or any FLSA Plaintiff for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA

claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

  f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

  g. Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, reasonable attorneys' fees, and an award of a service payment to Plaintiff;

  h. Designation of Plaintiff and her counsel as collective action representatives under the FLSA;

  i. Pre-judgment and post-judgment interest, as provided by law; and

j. Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       July 7, 2017

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
(212) 679-5000

By: _____
JEFFREY R. MAGUIRE (JM 1982)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)